■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND RIVERA, Respondent.—Order, Supreme Court, Bronx County, rendered on March 16, 1976, granting defendant's motion to controvert a search warrant and suppress the evidence seized thereunder, unanimously reversed, on the law, and motion denied. The affidavit sworn to by a detective and submitted in support of the application for a search warrant stated, in part, as follows: "That I have received information from a confidential informant known and identified to me, who has given information in the past to other members of the N. Y. C. Police Department leading to 2 arrests and convictions. That my informant was present in apartment 4F in premises 2180 Grand Concourse during the week of July 1, 1974 and again during the week of July 8, 1974 and did see a quantity of Narcotic Drugs to wit: cocaine therein. It is my belief that there is probable cause to believe that JOHN DOE 'RAY,' Male Hispanic, 5' 10", 155-165 'pounds, Brown Hair, Mustache, JANE DOE 'WIFE,' Female Hispanic, Light Skin, 5' 2", Dirty Blonde Hair, JANE DOE 'GIRLFRIEND,' 5' 4", 120 pounds, Light Skin, Light Eyes, JOHN DOE 'YOGI', 5' 8", Male Hispanic, 160 pounds, Black Hair, Black Mustache, occupying apartment in premises 2180 Grand Concourse, Bronx County, is in possession of and trafficking in illicit narcotics to wit: cocaine thereat." That affidavit satisfied both prongs of the "two-fold test of *Aguilar v. Texas,* (378 U. S. 108) for issuing a warrant on the basis of hearsay evidence alone" *(People v Munger,* 24 NY2d 445, 450), in that it demonstrated reliability of the informant as well as reliability of the information supplied by him. It should also be noted that, notwithstanding the loss of the minutes of the personal examination of the informant by the court, it is important to take into consideration that the informant was produced in person and that fact adds weight in support of a finding of probable cause. Concur—Kupferman, J. P., Birns,. Capozzoli and Lane, JJ.

■ In the Matter of ETAN MERRICK, Respondent, v DAVID MERRICK, Appellant.—Order, Family Court, New York County, entered May 31, 1977, directing respondent-appellant to pay $500 weekly child support unanimously modified, on the facts and in the exercise of discretion, by reducing the amount of child support to $300 per week from the date of the order to be entered hereon, and otherwise affirmed, without costs or disbursements. We consider the amount of the award excessive to the extent indicated. Concur—Lupiano, J. P., Silverman, Evans and Markewich, JJ.